UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                :
JOSEPH AZZOLINI,                                :
                                                :
                                                :
                                                :
                    Plaintiff,                  :
                                                :   03 Civ. 4345 (LMM)
                                                :   MEMORANDUM AND
                                                :   ORDER
MARRIOTT INTERNATIONAL, INC.,                   :
                                                :
                                                :
                    Defendant.                  :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

McKENNA, D.J.

On October 19, 1999, Joseph Azzolini ("Azzolini") commenced an action in the Southern District of New York against Marriott International, Inc. ("Marriott"), alleging he suffered racial discrimination when he was terminated as a Marriott parking associate. (Compl. ¶¶ 6-11.) On January 10, 2002, this Court granted Marriott's unopposed motion for summary judgment. Subsequently, Azzolini commenced a second action for breach of contract. (Compl. ¶¶ 9-11.) Marriott then filed a motion to dismiss this second action, which the Court granted on January 6, 2004, finding that the second action was barred by the doctrine of res judicata.

In the meantime, on July 21, 2003, Azzolini moved to vacate the original summary judgment order granted to Marriott on the 1999 racial discrimination claim. On February 25, 2004, this Court granted Azzolini's motion to vacate the final judgment because the plaintiff's former counsel failed to meet even his minimal obligations, resulting in a "constructive disappearance" of plaintiff's counsel. *Azzolini v. Marriott*

1

*Int'l, Inc.*, No. 99 civ. 11605, 2004 WL 360448 (S.D.N.Y. Feb. 25, 2004). This order will address both plaintiff's motion to vacate and defendant's motion to dismiss.

**I. Plaintiff's Motion to Vacate**

On December 1, 2004, plaintiff moved to vacate the final judgment in the contract action based on Federal Rule of Civil Procedure 60(b)(5). Rule 60(b)(5) states, in relevant part, that "the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated." Fed. R. Civ. P. 60(b)(5).

Given that the court vacated the prior judgment on which the dismissal of the second complaint was based, Rule 60(b)(5) permits the court to relieve the plaintiff of the second judgment.

Plaintiff's motion to vacate the final judgment in plaintiff's contract action is therefore GRANTED.

**II. Defendant's Motion to Dismiss**

Subsequent to plaintiff's motion to vacate, the defendant cross-moved to dismiss plaintiff's breach of contract for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a complaint will be dismissed if plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must read the complaint generously accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). "A court should only dismiss a suit under Rule 12(b)(6)

if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).

### A. Documents that may be considered on motion to dismiss

Plaintiff Azzolini asserts in his complaint that defendant Marriott violated his employment agreement when Marriott allegedly terminated plaintiff contrary to the progressive discipline policy set out in the Marriott "employee handbook." Although plaintiff did not attach the employee handbook to his complaint, the plaintiff relied on the terms and effects of the employee handbook by referencing the progressive discipline policy as the policy that Marriott breached. (Compl. ¶ 8.) "When a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991).

Despite this reliance, plaintiff contends that the handbook produced by Marriott, the "Marriott Associate Resource Guide," was not the one in use during his employment. Plaintiff cites discrepancies between various guides that Marriott has produced during the course of the litigation, some of which include programs not implemented when plaintiff was employed. (Azzolini Decl. ¶¶ 3-11; O'Neill Decl. ¶¶ 3-6.) Marriott, however, submitted an affidavit in support of its motion to dismiss stating that the handbook it produced "is a true and exact copy of the Marriott Associate Resource Guide that was in effect during plaintiff's employment with Marriott." (Johnson Aff. ¶ 4.)

Case law suggests that where plaintiff relies on a document of *disputed* authenticity, as is the case here, the court may not consider it on a motion to dismiss. *See Philadelphia Parking Authority v. Federal Ins. Co.*, No. 03 Civ. 6748, 2005 WL 78783, at *4 (S.D.N.Y. Jan. 14, 2005) (Where a "plaintiff relies upon a document of *undisputed* authenticity," a court may consider documents attached to the complaint or incorporated in it by reference.) (emphasis added); *Chambers v. Time Warner, Inc.* 282 F.3d 147, 153 (2d Cir. 2002) ("[A] court may consider an *undisputedly* authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (emphasis added) (quoting with approval *In re Donald J. Trump Casino Sec. Litig.,* 7 F.3d 357, 368 (3d Cir.1993))). *See Kramer v. Time Warner Inc.* 937 F.2d 767, 774 (2d Cir. 1991) (emphasizing that documents considered under a motion to dismiss must be from sources whose accuracy cannot reasonably be questioned, such as public disclosure documents required to be filed with the SEC). As the document's authenticity is disputed the Court will not consider it on the motion to dismiss.

In addition, the Court must refrain from engaging in fact-finding when considering a motion to dismiss, and plaintiffs must be given a fair chance to contest defendant's evidentiary assertions. *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999).

The motion to dismiss is DENIED without prejudice. Plaintiff is entitled to discovery to obtain the correct employee handbook.

**B. Likelihood of success**

If this Court were to consider the produced Associate Resource Guide, the Court finds that plaintiff does not state a claim upon which relief may be granted. None of the various resource guides Marriott has produced limit its right to terminate its employees at will. The circumstances under which an employee handbook's assurances and guarantees create a contract and rebut the presumption of an at will contract are extremely narrow.

When terminating an employment contract, the general rule is that if there is no agreement arranging a fixed duration of employment, the employment is presumed to be a hiring at will and may be terminated by either party at any time. *De Petris v. Union Settlement Ass'n, Inc.*, 633 N.Y.2d 274, 276 (1995); *Sabetay v. Sterling Drug*, 69 N.Y.2d 329, 333 (1987). The agreement that plaintiff claims establishes a contract, the "Marriott Hotel Employment Agreement: Condition of Employment," contained no fixed duration of time. (Johnson Aff., Exs. 1, 2; Azzolini Decl. ¶ 2.) Thus, Marriott could terminate plaintiff's employment at any time and for any reason.

The exception to this general rule, first established in *Weiner*, is narrow and has been applied on a very limited basis. *Weiner v. McGraw-Hill, Inc.,* 57 N.Y.2d 458 (1982). *See also Murphy v. Am. Home Products Corp.*, 58 N.Y.2d 293 (1983) (blunting the rush of litigation after *Weiner*); *Leahy v. Fed. Express Corp.*, 609 F. Supp. 668, 670 (E.D.N.Y. 1985) ("The potentially broad implications of *Weiner* were very nearly limited to the facts of that case."). The *Weiner* exception states that the presumption of an at will contract can be rebutted if the plaintiff establishes that the employer expressly limited and curtailed its right to terminate at will. *Baron v. Port Authority of N.Y. & N.J.*, 271

F.3d 81, 85 (2d Cir. 2001). In other words, the plaintiff must rebut the presumption of an at will contract by proving the following: 1) there is an express written policy (often contained in an employee handbook) that limits the employer's right of discharge; 2) the employer made the employee aware of this policy; and 3) the employee detrimentally relied on the policy in accepting or continuing employment. *Id.; Weiner,* 57 N.Y.2d 458.

If the Associate Resource Guide submitted by Marriott could be considered and was in place at the time plaintiff was employed by Marriott, it is insufficient to establish such a limitation on Marriott's right to terminate plaintiff. The Guide contains no explicit restriction on Marriott's right to terminate its employees, but rather has clear disclaimers that state, for example, "I agree and understand that I have the right to terminate employment at any time and that my employer retains a similar right and that my employer's personnel policies and/or handbooks do not constitute an employment contract." (Johnson Aff., Ex. 3, at 500417, 500464.) The *Weiner* exception seems to encompass those employee handbooks which explicitly state that employees can only be terminated for just and sufficient cause. No such statements exist in the Guide. The general guidelines of the progressive discipline policy do not rise to the level of an express limitation. Routinely issued employee manuals should not lightly be converted into binding employment agreements, especially in light of conspicuous disclaiming language. *Lobosco v. N.Y. Tel Co.,* 96 N.Y.2d 312, 317 (2001) ("An employee seeking to rely on a provision arguably creating a promise must also be held to reliance on the disclaimer.")

Although there seem to be some discrepancies between the various versions of the Guide that Marriott provided, none indicate an express limitation on Marriott's right to terminate plaintiff at will. Unless the version of the employee handbook in place at the

6

time plaintiff was employed is significantly different and includes an express limitation on Marriott's rights to terminate employment (for just and sufficient cause only), plaintiff's claim will fail on summary judgment.

Plaintiff's motion to vacate is GRANTED.

Defendant's motion to dismiss is DENIED.

So Ordered.

Dated: October 4, 2005
New York, New York

*signature*
Lawrence M. McKenna
U.S.D.J.